IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA *ex rel.* SUZANNE ALT, *et al.*, | ) ) ) | Civil Case No. 3:16-cv-0549, Civil Case No. 3:16-cv-0561, Civil Case No. 3:16-cv-1856, |
| Plaintiffs, | ) ) | Civil Case No. 3:19-cv-0102, Civil Case No. 3:18-cv-0970 |
| v. | ) ) | (consolidated) |
| ANESTHESIA SERVICES ASSOCIATES, PLLC, *et al.*, | ) ) ) | JUDGE TRAUGER |
| Defendants. | ) ) | **UNDER SEAL** |

**UNITED STATES' NOTICE OF ELECTION TO INTERVENE,
AND DECLINE TO INTERVENE, IN PARTS OF THIS
CONSOLIDATED ACTION AND TO ADD DEFENDANTS**

Pursuant to the False Claims Act, 31 U.S.C. §§ 3730(b)(2) and (4), the United States notifies the Court of its decision to (i) intervene in parts of, (ii) decline to intervene in parts of, and (iii) add additional defendants to this consolidated action by filing a consolidated complaint as set forth below:

(1) In *United States ex rel. Susan Alt v. Anesthesia Services Associates, PLLC*, Case No. 3:16-cv-00549, the United States intervenes in that part of the action that alleges that defendant, Anesthesia Services Associates, PLLC d/b/a Comprehensive Pain Specialists ("CPS"), violated the False Claims Act, 31 U.S.C. §§ 3729(a)(1)(A) & (B) with respect to urine drug screens ("UDS") and violated 42 U.S.C. § 1395nn (the "Stark Law"). The United States declines to intervene in that part of the action that alleges violations of the Anti-Kickback Statute, 42 U.S.C. § 1320a-7b(b) ("AKS"), as well as Count IV of the complaint and any allegations related thereto. The United States informs the Court that at this time it intends to add the owners of CPS, Peter B. Kroll, M.D. ("Kroll"), Richard J. Muench, M.D. ("Muench"), Steven R. Dickerson, M.D.

("Dickerson"), and Gilberto Carrero, M.D. ("Carrero") (collectively, the "Owners"), as well as the former Chief Executive Officer of CPS, John Davis ("Davis"), as additional defendants in the consolidated action based on the same allegations in which it is intervening.

(2) In *United States and the State of Tennessee ex rel. Mary Butner, and Dana Brown v. Anesthesia Services Associates, PLLC d/b/a Comprehensive Pain Specialists, et al.*, Case No. 3:16-cv-0561, the United States intervenes in that part of the action that alleges that CPS and the Owners violated the False Claims Act, 31 U.S.C. §§ 3729(a)(1)(A) & (B), by submitting claims for services that were not provided by the physician or were not medically necessary. The United States declines to intervene in Counts II, IV, V, VI, VII and VIII and the allegations related thereto, and in any allegations against the remaining defendants. The United States informs the Court that at this time it intends to add Davis as an additional defendant in the consolidated action based on the same allegations in which it is intervening.

(3) In *United States and the State of Tennessee ex rel. Jennifer Pressotto v. Anesthesia Services Associates, PLLC d/b/a Comprehensive Pain Specialists*, Case No. 3:16-cv-1856, the United States intervenes in that part of the action that alleges that CPS submitted false claims for reimbursement and retained funds overpaid for procedures under CPT Code L8680 in violation of the False Claims Act, 31 U.S.C. §§ 3729(a)(1)(A), (B) & (G), and declines to intervene in Counts III through VI and the allegations related thereto. The United States informs the Court that at this time it intends to add the Owners of CPS and Davis as additional defendants in the consolidated action based on the same allegations in which it is intervening.

(4) In *United States and the States of Illinois, Indiana, Iowa, Michigan, North Carolina, Tennessee, Virginia ex rel. Alison Chancellor v. Anesthesia Services Associates, PLLC d/b/a Comprehensive Pain Specialists et al.*, Case No. 3:19-cv-00102, the United States intervenes in that part of the action that alleges that CPS violated the False Claims Act, 31 U.S.C. §§

3729(a)(1)(A), (B) & (G), with respect to UDS, genetic and psychological testing, and up-coding. The United States declines to intervene in Counts II-X and the allegations related thereto, as well as the allegations against defendant PhyMed Management LLC d/b/a PhyMed Healthcare Group. The United States informs the Court that at this time it intends to add the Owners of CPS and Davis as additional defendants in the consolidated action based on the same allegations in which it is intervening.

(5) In *United States, the State of Illinois, the State of Indiana, the State of Iowa, the State of North Carolina, the State of Tennessee, and the State of Virginia, ex rel. June Kimbrough and Scott Steed v. Anesthesia Services Associates, PLLC d/b/a Comprehensive Pain Specialists, et al.*, Case No. 3:18-cv-00970, the United States intervenes in that part of the action that alleges that CPS, the Owners and Davis violated the False Claims Act, 31 U.S.C. §§ 3729(a)(1) & (a)(2), with respect to UDS, genetic and psychological testing, and violated the Stark Law (Counts I, II and III), as well as the claims for payment by mistake (Count V) and unjust enrichment (Count VI). The United States informs the Court that it will identify Kroll, Muench and Carrero as John Does 1-3 and will assert claims against these defendants in the consolidated action based on the same allegations in which it is intervening. The United States declines to intervene against any other John Doe defendant, as well as the remainder of the allegations in the action, including Counts IV and VII-XII.

Although the United States declines to intervene in a portion of this consolidated action, it respectfully refers the Court to 31 U.S.C. § 3730(b)(1), which allows Relators to maintain the declined portion of the action in the name of the United States; providing, however, that the "action may be dismissed only if the court and the Attorney General give written consent to the dismissal and their reasons for consenting." *Id.* Therefore, the United States requests that if any Relator or Defendant propose that the part of the consolidated action in which the United States has not

3

intervened be dismissed, settled, or otherwise discontinued, the Court solicit the written consent of the United States before ruling or granting its approval.

Further, pursuant to 31 U.S.C. § 3730(c)(3), the United States requests that all pleadings filed in this consolidated action, even as to the non-intervened parts thereof, be served upon the United States; the United States also requests that all orders issued by the Court be sent to the United States' counsel. The United States reserves its right to order any deposition transcripts and to intervene in the portion of this consolidated action in which it is declining to intervene today, for good cause, at a later date.

The United States reserves the right to seek the dismissal of any of Relators' actions or claims on any appropriate grounds, including under 31 U.S.C. §§ 3730(b)(5) and (e)(4) or 3730(c)(2)(A).

The United States respectfully requests that the Relators' complaints (*Alt* DE 1; *Butner* DE 1; *Pressotto* DE 1; *Chancellor* DE 1; *Kimbrough* DE 1), amended complaint (*Butner* DE 12), this Notice, and the all other pleadings be unsealed, except that the memoranda submitted in support of the motions for (i) a partial seal lift (*Alt* DE 10; *Butner* DE 9; *Pressotto* DE 4; *Chancellor* DE 7, 17; *Kimbrough* DE 9-1); (ii) an extension of time to intervene (*Alt* DE 13, 18, 23, 26, 33, 37; *Butner* DE 17, 21, 27, 33, 39, 45; *Pressotto* DE 7, 11, 17, 21, 27; *Chancellor* DE 11, 14, 20, 26, 36; *Kimbrough* DE 8, 12-1; 35); (iii) a transfer of venue (*Chancellor* DE 34; *Kimbrough* DE 17-1); and (iv) consolidation ((*Alt* DE 41; *Butner* DE 49; *Pressotto* DE 30; *Chancellor* DE 43; *Kimbrough* DE 38) shall remain under seal because such filings discuss the content and extent of the United States' investigation.

Finally, the United States respectfully requests that it be given ninety (90) days from the date when the Court partially lifts the seal in this matter to file its complaint in intervention, and that this consolidated action be stayed as to all parties during that period. The United States further

requests that Relators be given the same ninety (90) days to serve their respective amended complaints on Defendants.

A proposed order accompanies this Notice.

>     Respectfully submitted,
>
>     DONALD Q. COCHRAN
>     United States Attorney
>     Middle District of Tennessee
>
> By:  s/Kara F. Sweet
>     KARA F. SWEET
>     Assistant U.S. Attorney
>     110 9th Avenue South, Suite A-961
>     Nashville, TN  37203-3870
>     Telephone:  (615) 736-5151
>     Fax:  (615) 401-6626
>     Email: Kara.Sweet@usdoj.gov

# CERTIFICATE OF SERVICE

Because this action is under seal pursuant to 31 U.S.C. §§ 3729-3733, as amended, Defendants have not been served with copies of the foregoing Notice. I certify that a true and correct copy of the foregoing Notice of Intervention was served via e-mail and/or First Class U.S. Mail, postage prepaid on April 22, 2019, to the following:

| | |
|---|---|
| **Don McKenna, Esq.**<br>**Randi McCoy, Esq.**<br>Hare, Wynn, Newell & Newton, LLP<br>2025 Third Avenue, N, Suite 800<br>Birmingham, AL 35203<br>Email: don@hwnn.com<br>Email: randi@hwnn.com<br>*Counsel for Relator Suzanne Alt* | **Amy L. Easton, Esq.**<br>**Colette G. Matzzie, Esq.**<br>Phillips & Cohen LLP<br>2000 Massachusetts Ave. NW<br>Washington, DC 20036<br>Email: cmatzzie@phillipsandcohen.com<br>Email: aeaston@phillipsandcohen.com<br>*Counsel for Relator Allison Chancellor* |
| **Irwin B. Venick, Esq.**<br>Dobbins, Venick, Kuhn & Byassee, PLLC<br>210 25th Avenue, N, Suite 1010<br>Nashville, TN 37203<br>Email: irwinv@dvlawfirm.com<br>*Counsel for Relator Suzanne Alt* | **Emily Stabile, Esq.**<br>Phillips & Cohen LLP<br>100 the Embarcadero, Suite 300<br>San Francisco, CA 94105<br>Email: estabile@pcsf.com<br>*Counsel for Relator Allison Chancellor* |
| **W. Gary Blackburn, Esq.**<br>**Bryant B. Kroll, Esq.**<br>The Blackburn Firm, PLLC<br>213 Fifth Avenue North, Suite 300<br>Nashville, TN 37219<br>Email: gblackburn@wgaryblackburn.com<br>Email: bkroll@wgaryblackburn.com<br>*Counsel for Relator Mary Butner*<br>*and Dana Brown* | **O. Stephen Montagnet, III, Esq.**<br>**Zachary M. Bonner, Esq.**<br>McCraney Montagnet Quin & Noble, PLLC<br>602 Steed Road, Suite 200<br>Ridgeland, MS 39157<br>Email: smontagnet@mmqnlaw.com<br>Email: zbonner@mmqnlaw.com<br>*Counsel for Relators June Kimbrough and Scott Steed* |
| **Jeffery S. Roberts, Esq.**<br>Jeffery S. Roberts and Associates, PLC<br>213 Fifth Avenue North, Suite 300<br>Nashville, TN 37219<br>Email: jeff@middletninjury.com<br>*Counsel for Relator Mary Butner*<br>*and Dana Brown* | **Jerry E. Martin, Esq.**<br>**Seth Marcus Hyatt, Esq.**<br>Barrett Johnson Martin & Garrison, LLC<br>Bank of America Plaza<br>414 Union Street, Suite 900<br>Nashville, TN 37219<br>Email: jmartin@barrettjohnston.com<br>Email: shyatt@barrettjohnston.com<br>*Counsel for Relator Jennifer Pressotto* |
| **Michael Kanovitz, Esq.**<br>Loevy & Loevy<br>311 N. Aberdeen Street, Third Floor<br>Chicago, IL 60607<br>Email: mike@loevy.com<br>*Counsel for Relator Allison Chancellor* | |

 s/Kara F. Sweet
KARA F. SWEET
Assistant U.S. Attorney