# IN THE UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF TENNESSEE,
## NASHVILLE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA and THE STATE OF TENNESSEE** *ex. rel.* **SUZANNE ALT,** *et al.,* | |
| **Plaintiffs,** | **Case No. 3:16-cv-0549 (Consolidated)** |
| *vs.* | **Judge Trauger** |
| **ANESTHESIA SERVICES ASSOCIATES, PLLC,** *et al.,* | **JURY DEMANDED** |
| **Defendants.** | |

## ANSWER OF DEFENDANT DICKERSON TO CONSOLIDATED COMPLAINT IN INTERVENTION

Defendant Steven R. Dickerson, M.D., responds to the allegations in the numbered paragraphs of the consolidated complaint in intervention as follows:

1. Denied. As an owner of Anesthesia Services Associates, PLLC dba "Comprehensive Pain Specialists" ("CPS") and as physician practicing through CPS, Dr. Dickerson provided pain treatment to his patients that he believed was medically necessary and clinically appropriate under the applicable standard of care. Dr. Dickerson worked to prevent opioid abuse by his patients by using drug testing he believed was medically necessary and in accordance with the applicable standard of care. Dr. Dickerson also used non-opioid treatment when he believed it was medically necessary and clinically appropriate. Dr. Dickerson reasonably relied on the advice of CPS's corporate compli-

ance personnel and the advice of CPS's counsel regarding claims submission and other compliance issues.

2.  Admitted.

3.  Denied as stated. Dr. Dickerson held a minority ownership interest in CPS, participated with other owners in adopting various corporate policies in reasonable reliance upon the advice of CPS's corporate compliance personnel and the advice of CPS's counsel, and participated with other owners in hiring Mr. Davis as CEO to oversee CPS's day-to-day operations. Dr. Dickerson did not view any patient as a "billing opportunity" but as a human being to whom he was committed to providing quality, medically necessary treatment to the best of his medical judgment. Dr. Dickerson incorporates by reference his response to the first numbered paragraph.

4.  Dr. Dickerson admits that urine testing is essential and required by the standard of care when treating patients for whom opioids have been prescribed but otherwise denies these allegations. Dr. Dickerson ordered urine testing when he believed it was medically necessary and clinically appropriate. Dr. Dickerson incorporates by reference his response to the first numbered paragraph.

5.  Dr. Dickerson lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

6.  Denied.

7.  Dr. Dickerson admits learning of a "bonus program" at some point but otherwise denies these allegations. Dr. Dickerson incorporates by reference his response to the first numbered paragraph.

8.  Dr. Dickerson lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

9.  Dr. Dickerson lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

10. Dr. Dickerson denies being aware of a plan to bill for non-reimbursable acupuncture services, denies submitting false claims, and otherwise lacks knowledge or information sufficient to form a belief as to the truth of these allegations. Dr. Dickerson incorporates by reference his response to the first numbered paragraph.

11. Dr. Dickerson lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

12. Dr. Dickerson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence. Dr. Dickerson admits the allegations in the second sentence.

13. Denied.

14. Denied.

15. Denied.

16. Dr. Dickerson lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

17. Dr. Dickerson lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

18. Denied.

19. Dr. Dickerson admits this Court's subject matter jurisdiction.

20. Dr. Dickerson admits this Court is a proper venue for this action.

21. Dr. Dickerson lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

22. Dr. Dickerson lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

23. Dr. Dickerson denies CPS was formed as "Skyline Services Associates, PLLC" but otherwise admits the allegations in the first sentence. Dr. Dickerson admits the allegations in the second, third, and fourth sentences. Dr. Dickerson admits CPS grew, had locations in many states, employed many providers, and saw many patients, but otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the fifth sentence. Dr. Dickerson admits that he held a minority ownership interest in CPS along with other physicians including Dr. Kroll, Dr. Carrero, and Dr. Muench and that Dr. Muench is not a defendant in this action, but otherwise denies the allegations in the sixth sentence. Dr. Dickerson admits the allegations in the seventh

sentence. Dr. Dickerson admits that CPS sold its assets and ceased operating but otherwise denies the allegations in the eighth sentence.

24. Dr. Dickerson admits the allegations in the first and second sentences. Dr. Dickerson denies the allegations in the third and fourth sentences upon information and belief.

25. Admitted.

26. Admitted.

27. Dr. Dickerson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence but otherwise admits these allegations.

28. Dr. Dickerson lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

29–74. These paragraphs quote or paraphrase numerous laws and regulations. Dr. Dickerson denies any allegation inconsistent with the text of those laws and regulations.

75. Admitted.

76. Admitted.

77. Dr. Dickerson admits that at some point the company adopted the dba "Comprehensive Pain Specialists" but otherwise lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

78. Admitted.

79. Dr. Dickerson lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

80. Dr. Dickerson admits that at some point Dr. Kroll suggested hiring Mr. Davis but otherwise lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

81. Dr. Dickerson admits that CPS hired Mr. Davis in 2011 but otherwise lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

82. Dr. Dickerson denies that CPS was a "moneymaking enterprise" as opposed to a for-profit health care provider. Dr. Dickerson admits that CPS grew, had locations in many states, employed many providers, and had a testing facility in Franklin, Tennessee, but otherwise lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

83. Dr. Dickerson admits that CPS at some point operated a Clarksville-based pharmacy under the name "Comprehensive Wellness Pharmacy" but otherwise lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

84. Dr. Dickerson admits that Dr. Muench became a member in 2014 but otherwise lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

85. Dr. Dickerson admits that Dr. Arney died on August 14, 2014, but otherwise lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

86. Denied.

87. Dr. Dickerson admits CPS borrowed money to open a larger testing facility that performed urine drug testing and later performed other kinds of testing but otherwise lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

88. Dr. Dickerson lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

89. Dr. Dickerson admits the allegations in the first sentence. Dr. Dickerson denies that he "approved" compensation arrangements, other than sometimes signing contracts as the company's representative, but otherwise admits the allegations in the second sentence.

90. Dr. Dickerson denies the allegations in the first sentence and otherwise lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

91. Dr. Dickerson lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

92. Dr. Dickerson was allocated a portion of profits or losses from an ancillary services pool but otherwise admits the allegations in the first sentence. Dr. Dickerson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence.

93. Denied.

94. Dr. Dickerson lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

95. Denied.

96. Dr. Dickerson lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

97. Denied.

98. Dr. Dickerson admits that urine testing is essential and required by the standard of care when treating patients for whom opioids have been prescribed but otherwise denies these allegations.

99. Admitted.

100.    Dr. Dickerson denies the allegations in the first sentence, which do not define "medical community" or the time period referred to. Dr. Dickerson admits the remaining allegations.

101.     Dr. Dickerson denies the allegations in the first sentence. Dr. Dickerson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence.

102.     Dr. Dickerson denies the allegations in the first, second, and third sentences and admits the allegations in the fourth and fifth sentences.

103.     Dr. Dickerson admits that urine testing is essential and required by the standard of care when treating patients for whom opioids have been prescribed and that the type, frequency, and randomness of that testing depends on numerous factors including the patient's individual circumstances and the provider's medical judgment. Dr. Dickerson otherwise denies these allegations.

104.     Dr. Dickerson lacks knowledge or information sufficient to form a belief as to the truth of these vague allegations.

105.     Dr. Dickerson lacks knowledge or information sufficient to form a belief as to the truth of these vague allegations.

106.     Dr. Dickerson lacks knowledge or information sufficient to form a belief as to the truth of these vague allegations.

107.     Dr. Dickerson lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

108.     Dr. Dickerson lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

109.     Dr. Dickerson lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

110.     Dr. Dickerson lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

111.     Dr. Dickerson lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

112.     Dr. Dickerson lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

113.     Dr. Dickerson lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

114.     Dr. Dickerson lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

115.     Dr. Dickerson lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

116.     Dr. Dickerson lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

117.     Dr. Dickerson lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

118.     Dr. Dickerson lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

119.    Dr. Dickerson lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

120.    Dr. Dickerson lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

121.    Denied.

122.    Dr. Dickerson denies that he was aware of routine medically unnecessary testing at CPS. Dr. Dickerson lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

123.    Denied.

124.    Dr. Dickerson admits CPS at some point began operating a testing facility in Franklin, Tennessee, but otherwise lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

125.    Dr. Dickerson lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

126.    Dr. Dickerson admits urine drug screening guidelines were circulated but otherwise lacks knowledge or information sufficient to form a belief as to the truth of these allegations. Dr. Dickerson ordered drug testing based on his independent medical judgment about the circumstances of each patient, not guidelines. Dr. Dickerson incorporates by reference his response to the first numbered paragraph.

127.    Dr. Dickerson lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

128.    Dr. Dickerson admits CPS did not conduct in-clinic urine drug testing but otherwise lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

129.    Dr. Dickerson lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

130.    Dr. Dickerson recalls that urine drug screening guidelines were circulated but otherwise lacks knowledge or information sufficient to form a belief as to the truth of these allegations. Dr. Dickerson ordered drug testing based on his independent medical judgment about the circumstances of each patient, not guidelines. Dr. Dickerson incorporates by reference his response to the first numbered paragraph.

131.    Dr. Dickerson lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

132.    Dr. Dickerson recalls that urine drug screening guidelines were circulated but otherwise lacks knowledge or information sufficient to form a belief as to the truth of these allegations. Dr. Dickerson ordered drug testing based on his independent medical judgment about the circumstances of each patient, not guidelines. Dr. Dickerson incorporates by reference his response to the first numbered paragraph.

133.     Dr. Dickerson recalls that urine drug screening guidelines were circulated but otherwise lacks knowledge or information sufficient to form a belief as to the truth of these allegations. Dr. Dickerson ordered drug testing based on his independent medical judgment about the circumstances of each patient, not guidelines. Dr. Dickerson incorporates by reference his response to the first numbered paragraph.

134.     Dr. Dickerson recalls that urine drug screening guidelines were circulated but otherwise lacks knowledge or information sufficient to form a belief as to the truth of these allegations. Dr. Dickerson ordered drug testing based on his independent medical judgment about the circumstances of each patient, not guidelines. Dr. Dickerson incorporates by reference his response to the first numbered paragraph.

135.     Dr. Dickerson recalls that urine drug screening guidelines were circulated but otherwise lacks knowledge or information sufficient to form a belief as to the truth of these allegations. Dr. Dickerson ordered drug testing based on his independent medical judgment about the circumstances of each patient, not guidelines. Dr. Dickerson incorporates by reference his response to the first numbered paragraph.

136.     Dr. Dickerson lacks knowledge or information sufficient to form a belief as to the truth of these allegations. Dr. Dickerson ordered drug testing based on his independent medical judgment about the circumstances of each patient. Dr. Dickerson incorporates by reference his response to the first numbered paragraph.

137.     Dr. Dickerson admits that the urine drug testing was conducted by CPS's lab in most but not all cases, denies the allegations in the last sentence, and otherwise lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations. Dr. Dickerson ordered drug testing based on his independent medical judgment about the circumstances of each patient. Dr. Dickerson incorporates by reference his response to the first numbered paragraph.

138.     Dr. Dickerson admits that test results at times were not available for several days and that he would prescribe treatment without waiting for results when, in his independent medical judgment, he concluded it was clinically appropriate under the patient's circumstances and would review those results for the patient's future care. Dr. Dickerson otherwise lacks knowledge or information sufficient to form a belief as to the truth of these allegations. Dr. Dickerson incorporates by reference his response to the first numbered paragraph.

139.     Denied. Dr. Dickerson ordered drug testing based on his independent medical judgment and reviewed those results to provide care for patients. Dr. Dickerson incorporates by reference his response to the first numbered paragraph.

140.     Dr. Dickerson denies the allegations in the first sentence. Real time results are one of several factors that might be considered in determining whether to prescribe opioids. Dr. Dickerson lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations. Dr. Dickerson ordered drug testing based on his

independent medical judgment about the circumstances of each patient. Dr. Dickerson incorporates by reference his response to the first numbered paragraph.

141.    Dr. Dickerson lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

142.    Dr. Dickerson admits that one would reasonably expect the volume of testing to increase with the volume of patients but otherwise lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

143.    Dr. Dickerson lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

144.    Dr. Dickerson lacks knowledge or information sufficient to form a belief as to the truth of these vague allegations. Dr. Dickerson ordered drug testing based on his independent medical judgment about the circumstances of each patient. Dr. Dickerson incorporates by reference his response to the first numbered paragraph.

145.    Dr. Dickerson lacks knowledge or information sufficient to form a belief as to the truth of these vague allegations.

146.    Dr. Dickerson lacks knowledge or information sufficient to form a belief as to the truth of these allegations. Dr. Dickerson ordered drug testing based on his independent medical judgment about the circumstances of each patient. Dr. Dickerson incorporates by reference his response to the first numbered paragraph.

147.    Dr. Dickerson lacks knowledge or information sufficient to form a belief as to the truth of these allegations but denies he improperly bundled any tests. Dr. Dickerson ordered drug testing based on his independent medical judgment about the circumstances of each patient. Dr. Dickerson incorporates by reference his response to the first numbered paragraph.

148.    Dr. Dickerson lacks knowledge or information sufficient to form a belief as to the truth of these allegations but denies he improperly ordered tests or failed to document the basis for the tests he ordered. Dr. Dickerson ordered drug testing based on his independent medical judgment about the circumstances of each patient. Dr. Dickerson incorporates by reference his response to the first numbered paragraph.

149.    Denied.

150.    Dr. Dickerson lacks knowledge or information sufficient to form a belief as to the truth of these vague allegations. Dr. Dickerson ordered drug testing based on his independent medical judgment about the circumstances of each patient. Dr. Dickerson incorporates by reference his response to the first numbered paragraph.

151.    Dr. Dickerson lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

152.    Dr. Dickerson admits there was a ZPIC audit but otherwise lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

153. Dr. Dickerson admits there was a ZPIC audit but otherwise lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

154. Dr. Dickerson lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

155. Dr. Dickerson admits there was a ZPIC notice but otherwise lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

156. Dr. Dickerson admits there was an appeal of the ZPIC audit but otherwise lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

157. Dr. Dickerson admits there was a request for reconsideration of the ZPIC audit but otherwise lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

158. Dr. Dickerson admits CPS periodically circulated guidelines for urine drug testing but otherwise lacks knowledge or information sufficient to form a belief as to the truth of these allegations. Dr. Dickerson ordered drug testing based on his independent medical judgment about the circumstances of each patient. Dr. Dickerson incorporates by reference his response to the first numbered paragraph.

159. Dr. Dickerson admits CPS periodically circulated guidelines for urine drug testing but otherwise lacks knowledge or information sufficient to form a belief as to the truth of these allegations. Dr. Dickerson ordered drug testing based on his inde-

pendent medical judgment about the circumstances of each patient. Dr. Dickerson incorporates by reference his response to the first numbered paragraph.

160. Dr. Dickerson admits there was a QIC decision regarding request for reconsideration of the ZPIC audit but otherwise lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

161. Dr. Dickerson lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

162. Dr. Dickerson lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

163. Dr. Dickerson lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

164. Dr. Dickerson lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

165. Dr. Dickerson lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

166. Dr. Dickerson admits CPS periodically circulated guidelines for urine drug testing but otherwise lacks knowledge or information sufficient to form a belief as to the truth of these allegations. Dr. Dickerson ordered drug testing based on his independent medical judgment about the circumstances of each patient. Dr. Dickerson incorporates by reference his response to the first numbered paragraph.

167.    Dr. Dickerson lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

168.    Dr. Dickerson lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

169.    Dr. Dickerson lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

170.    Dr. Dickerson lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

171.    Dr. Dickerson lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

172.    Dr. Dickerson lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

173.    Dr. Dickerson lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

174.    Dr. Dickerson lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

175.    Dr. Dickerson admits there was a ZPIC audit but lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

176. Dr. Dickerson admits there was an appeal and request for reconsideration of the ZPIC audit but otherwise lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

177. Dr. Dickerson admits there was another QIC decision reversing most of the ZPIC audit denials but otherwise lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

178. Dr. Dickerson lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

179. Dr. Dickerson admits CPS periodically circulated guidelines for urine drug testing but otherwise lacks knowledge or information sufficient to form a belief as to the truth of these allegations. Dr. Dickerson ordered drug testing based on his independent medical judgment about the circumstances of each patient. Dr. Dickerson incorporates by reference his response to the first numbered paragraph.

180. Dr. Dickerson lacks knowledge or information sufficient to form a belief as to the truth of these allegations. Dr. Dickerson ordered drug testing based on his independent medical judgment about the circumstances of each patient. Dr. Dickerson incorporates by reference his response to the first numbered paragraph.

181. Dr. Dickerson admits CPS periodically circulated guidelines for urine drug testing but otherwise lacks knowledge or information sufficient to form a belief as to the truth of these allegations. Dr. Dickerson ordered drug testing based on his inde-

pendent medical judgment about the circumstances of each patient. Dr. Dickerson incorporates by reference his response to the first numbered paragraph.

182.    Dr. Dickerson lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

183.    Denied.

184.    Dr. Dickerson lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

185.    Dr. Dickerson lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

186.    Dr. Dickerson lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

187.    Dr. Dickerson lacks sufficient knowledge or information to admit or deny the allegations in this paragraph of the consolidated complaint but denies he improperly ordered tests. Dr. Dickerson ordered drug testing based on his independent medical judgment about the circumstances of each patient. Dr. Dickerson incorporates by reference his response to the first numbered paragraph.

188.    Dr. Dickerson lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

189.    Dr. Dickerson lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

190.    Denied.

191.    Dr. Dickerson lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

192.    Dr. Dickerson lacks sufficient knowledge or information to admit or deny the allegations in this paragraph of the consolidated complaint but denies he improperly ordered tests. Dr. Dickerson ordered drug testing based on his independent medical judgment about the circumstances of each patient. Dr. Dickerson incorporates by reference his response to the first numbered paragraph.

193.    Dr. Dickerson lacks sufficient knowledge or information to admit or deny the allegations in this paragraph of the consolidated complaint but denies he improperly ordered tests. Dr. Dickerson ordered drug testing based on his independent medical judgment about the circumstances of each patient. Dr. Dickerson incorporates by reference his response to the first numbered paragraph.

194.    Dr. Dickerson lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

195.    Dr. Dickerson lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

196.    Dr. Dickerson lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

197.    Denied.

198.   Dr. Dickerson lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

199.   Dr. Dickerson lacks sufficient knowledge or information to admit or deny the allegations in this paragraph of the consolidated complaint but denies he improperly ordered tests. Dr. Dickerson ordered drug testing based on his independent medical judgment about the circumstances of each patient. Dr. Dickerson incorporates by reference his response to the first numbered paragraph.

200.   Dr. Dickerson lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

201.   Dr. Dickerson lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

202.   Dr. Dickerson lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

203.   Dr. Dickerson lacks sufficient knowledge or information to admit or deny the allegations in this paragraph of the consolidated complaint but denies he improperly ordered tests. Dr. Dickerson ordered drug testing based on his independent medical judgment about the circumstances of each patient. Dr. Dickerson incorporates by reference his response to the first numbered paragraph.

204.   Dr. Dickerson lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

205.    Dr. Dickerson lacks sufficient knowledge or information to admit or deny the allegations in this paragraph of the consolidated complaint but denies he improperly ordered tests. Dr. Dickerson ordered drug testing based on his independent medical judgment about the circumstances of each patient. Dr. Dickerson incorporates by reference his response to the first numbered paragraph.

206.    Dr. Dickerson lacks sufficient knowledge or information to admit or deny the allegations in this paragraph of the consolidated complaint but denies he improperly ordered tests. Dr. Dickerson ordered drug testing based on his independent medical judgment about the circumstances of each patient. Dr. Dickerson incorporates by reference his response to the first numbered paragraph.

207.    Dr. Dickerson lacks sufficient knowledge or information to admit or deny the allegations in this paragraph of the consolidated complaint but denies he improperly ordered tests. Dr. Dickerson ordered drug testing based on his independent medical judgment about the circumstances of each patient. Dr. Dickerson incorporates by reference his response to the first numbered paragraph.

208.    Dr. Dickerson lacks sufficient knowledge or information to admit or deny the allegations in this paragraph of the consolidated complaint but denies he improperly ordered tests. Dr. Dickerson ordered drug testing based on his independent medical judgment about the circumstances of each patient. Dr. Dickerson incorporates by reference his response to the first numbered paragraph.

209.    Dr. Dickerson lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

210.    Dr. Dickerson lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

211.    Dr. Dickerson lacks sufficient knowledge or information to admit or deny the vague allegations in this paragraph of the consolidated complaint but denies he improperly ordered tests. Dr. Dickerson ordered drug testing based on his independent medical judgment about the circumstances of each patient. Dr. Dickerson incorporates by reference his response to the first numbered paragraph.

212.    Dr. Dickerson admits that Plaintiffs have failed to review information readily available to them before filing this complaint but otherwise lacks sufficient knowledge or information to admit or deny the allegations in this paragraph of the consolidated complaint but denies he improperly ordered tests. Dr. Dickerson ordered drug testing based on his independent medical judgment about the circumstances of each patient. Dr. Dickerson incorporates by reference his response to the first numbered paragraph.

213.    Dr. Dickerson denies engaging in excessive urine testing, denies ordering medically unnecessary pharmacogenetic blood tests, but otherwise lacks sufficient knowledge or information to admit or deny these allegations. Dr. Dickerson ordered testing of any kind based on his independent medical judgment about the circumstanc-

es of each patient. Dr. Dickerson incorporates by reference his response to the first numbered paragraph.

214.   Denied. Dr. Dickerson denies ordering medically unnecessary pharmaco-genetic blood tests. Dr. Dickerson ordered testing of any kind based on his independent medical judgment about the circumstances of each patient. Dr. Dickerson incorporates by reference his response to the first numbered paragraph.

215.   Dr. Dickerson lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

216.   Dr. Dickerson denies the allegation in the first sentence on information and belief. Dr. Dickerson lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

217.   Dr. Dickerson lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

218.   Dr. Dickerson lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

219.   Dr. Dickerson lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

220.   Dr. Dickerson lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

221.    Denied. Dr. Dickerson denies ordering medically unnecessary pharmaco-genetic blood tests. Dr. Dickerson ordered testing of any kind based on his independent medical judgment about the circumstances of each patient. Dr. Dickerson incorporates by reference his response to the first numbered paragraph.

222.    Denied. Dr. Dickerson denies ordering medically unnecessary pharmaco-genetic blood tests or failing to properly document such orders. Dr. Dickerson ordered testing of any kind based on his independent medical judgment about the circumstances of each patient. Dr. Dickerson incorporates by reference his response to the first numbered paragraph.

223.    Dr. Dickerson admits learning of a "bonus program" at some point but otherwise lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

224.    Dr. Dickerson lacks knowledge or information sufficient to form a belief as to the truth of these allegations but denies ordering medically unnecessary phar-macogenetic blood tests. Dr. Dickerson ordered testing of any kind based on his independent medical judgment about the circumstances of each patient. Dr. Dickerson incorporates by reference his response to the first numbered paragraph.

225.    Dr. Dickerson lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

226.     Dr. Dickerson lacks knowledge or information sufficient to form a belief as to the truth of these allegations but denies ordering medically unnecessary pharmacogenetic blood tests. Dr. Dickerson ordered testing of any kind based on his independent medical judgment about the circumstances of each patient. Dr. Dickerson incorporates by reference his response to the first numbered paragraph.

227.     Dr. Dickerson admits there was a ZPIC audit but otherwise lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

228.     Dr. Dickerson admits there was a reconsideration issued by the QIC but otherwise lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

229.     Dr. Dickerson lacks knowledge or information sufficient to form a belief as to the truth of these allegations but denies he was aware of an overutilization of genetic testing at CPS's clinics in east Tennessee.

230.     Dr. Dickerson lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

231.     Dr. Dickerson lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

232.     Dr. Dickerson lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

233.    Dr. Dickerson lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

234.    Dr. Dickerson lacks knowledge or information sufficient to form a belief as to the truth of these allegations but denies he knew of or participated in improper ordering of or billing for genetic testing. Dr. Dickerson ordered testing of any kind based on his independent medical judgment about the circumstances of each patient. Dr. Dickerson incorporates by reference his response to the first numbered paragraph.

235.    Dr. Dickerson lacks knowledge or information sufficient to form a belief as to the truth of these allegations but denies he knew of or participated in improper ordering of or billing for genetic testing. Dr. Dickerson ordered testing of any kind based on his independent medical judgment about the circumstances of each patient. Dr. Dickerson incorporates by reference his response to the first numbered paragraph.

236.    Dr. Dickerson lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

237.    Dr. Dickerson lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

238.    Dr. Dickerson lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

239.    Dr. Dickerson lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

240.    Dr. Dickerson lacks knowledge or information sufficient to form a belief as to the truth of these allegations but denies he knew of or participated in improper ordering of or billing for genetic testing. Dr. Dickerson ordered testing of any kind based on his independent medical judgment about the circumstances of each patient. Dr. Dickerson incorporates by reference his response to the first numbered paragraph.

241.    Dr. Dickerson admits there was such testing but otherwise lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

242.    Denied.

243.    Dr. Dickerson lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

244.    Dr. Dickerson lacks knowledge or information sufficient to form a belief as to the truth of these allegations. Dr. Dickerson based his determination of what care was appropriate for a patient based on the patient's needs and his independent medical judgment, not the patient's insurer. Dr. Dickerson did not order any testing that he did not believe was medically necessary and clinically appropriate. Dr. Dickerson incorporates by reference his response to the first numbered paragraph.

245.    Dr. Dickerson lacks knowledge or information sufficient to form a belief as to the truth of these allegations but denies that he ordered any testing that he did not believe was medically necessary and clinically appropriate. Dr. Dickerson incorporates by reference his response to the first numbered paragraph.

246.    Dr. Dickerson admits learning of a "bonus program" at some point but otherwise lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

247.    Dr. Dickerson lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

248.    Dr. Dickerson lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

249.    Dr. Dickerson lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

250.    Dr. Dickerson lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

251.    Dr. Dickerson lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

252.    Dr. Dickerson lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

253.    Dr. Dickerson lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

254.    Denied.

255.    Dr. Dickerson lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

256.     Dr. Dickerson lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

257.     Dr. Dickerson lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

258.     Dr. Dickerson lacks knowledge or information sufficient to form a belief as to the truth of these allegations but denies that he ordered any psychological testing that was not medically necessary or clinically appropriate. Dr. Dickerson incorporates by reference his response to the first numbered paragraph.

259.     Denied.

260.     Dr. Dickerson admits learning of a "bonus program" at some point but lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

261.     Dr. Dickerson admits learning of a "bonus program" at some point but lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

262.     Dr. Dickerson admits learning of a "bonus program" at some point but lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

263.     Dr. Dickerson admits learning of a "bonus program" at some point but lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

264.     Dr. Dickerson denies the allegations in the first sentence. Dr. Dickerson lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

265.     Dr. Dickerson lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

266.     Dr. Dickerson lacks knowledge or information sufficient to form a belief as to the truth of these allegations but denies he provided care to his patients on any basis other than his independent medical judgment about what care was medically necessary and clinically appropriate. Dr. Dickerson incorporates by reference his response to the first numbered paragraph.

267.     Dr. Dickerson admits he signed various contracts on behalf of CPS from time to time but otherwise lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

268.     Dr. Dickerson lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

269.     Dr. Dickerson lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

270.    Dr. Dickerson lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

271.    Dr. Dickerson lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

272.    Dr. Dickerson lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

273.    Dr. Dickerson lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

274.    Denied.

275.    Dr. Dickerson lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

276.    Dr. Dickerson lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

277.    Denied.

278.    Dr. Dickerson lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

279.    Dr. Dickerson lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

280.    Dr. Dickerson lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

281.    Dr. Dickerson lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

282.    Dr. Dickerson denies being aware of Dr. Smith's financial arrangement or that Dr. Dickerson was pressuring providers to order medically unnecessary services but otherwise lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

283.    Dr. Dickerson denies being aware of Dr. Smith's alleged attempts to influence clinical decision-making of providers but otherwise lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

284.    Denied. Dr. Dickerson was not aware of "fraudulent conduct."

285.    Dr. Dickerson admits that Smith's employment was terminated but otherwise lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

286.    Denied.

287.    Denied.

288.    Dr. Dickerson lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

289.    Dr. Dickerson lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

290.     Dr. Dickerson lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

291.     Dr. Dickerson lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

292.     Dr. Dickerson lacks knowledge or information sufficient to form a belief as to the truth of these allegations but denies that he participated in an effort to circumvent any prohibition against acupuncture coverage.

293.     Dr. Dickerson lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

294.     Dr. Dickerson admits Pstim devices are not implanted but otherwise lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

295.     Dr. Dickerson lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

296.     Dr. Dickerson lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

297.     Dr. Dickerson lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

298.     Dr. Dickerson lacks sufficient knowledge or information to admit or deny the allegations in the first sentence, admits the allegations in the second sentence but

denies the allegations in the third sentence and denies that he had any involvement in CPS's billing for Pstim devices.

299. Dr. Dickerson lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

300. Dr. Dickerson lacks knowledge or information sufficient to form a belief as to the truth of these allegations but denies that he had any involvement in CPS's billing for Pstim devices.

301. Dr. Dickerson lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

302. Dr. Dickerson lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

303. Dr. Dickerson lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

304. Dr. Dickerson lacks knowledge or information sufficient to form a belief as to the truth of these allegations and denies that he had any involvement in CPS's billing for Pstim devices.

305. Dr. Dickerson lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

306.     Dr. Dickerson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence and denies the allegations in the second sentence.

307.     Dr. Dickerson lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

308.     Dr. Dickerson lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

309.     Dr. Dickerson lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

310.     Dr. Dickerson lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

311.     Dr. Dickerson lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

312.     Dr. Dickerson lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

313.     Dr. Dickerson lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

314.     Dr. Dickerson lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

315. Dr. Dickerson lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

316. Dr. Dickerson lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

317. Dr. Dickerson denies the allegations of a "coding submission game" but otherwise lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

318. Dr. Dickerson lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

319. Dr. Dickerson lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

320. Dr. Dickerson lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

321. Dr. Dickerson lacks knowledge or information sufficient to form a belief as to the truth of these allegations but denies that he participated in filing false claims.

322. Dr. Dickerson denies that the Pstim device is acupuncture but otherwise lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

323. Dr. Dickerson lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

324.     Dr. Dickerson lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

325.     Dr. Dickerson lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

326.     Dr. Dickerson lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

327.     Dr. Dickerson lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

328.     Dr. Dickerson lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

329.     Denied.

330.     Dr. Dickerson denies submitting false claims but otherwise lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

331.     Dr. Dickerson lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

332.     Dr. Dickerson lacks knowledge or information sufficient to form a belief as to the truth of these allegations but denies that he was aware of any such decision.

333.     Denied.

334.     Dr. Dickerson lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

335.     Dr. Dickerson lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

336.     Dr. Dickerson lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

337.     Dr. Dickerson lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

338.     Dr. Dickerson lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

339.     Dr. Dickerson lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

340.     Dr. Dickerson lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

341.     Dr. Dickerson lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

342.     Dr. Dickerson lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

343.     Dr. Dickerson lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

344.     Dr. Dickerson lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

345.    Dr. Dickerson lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

346.    Dr. Dickerson lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

347.    Dr. Dickerson lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

348.    Dr. Dickerson denies the allegations in the first sentence. Dr. Dickerson noticed at some point that some tests he had ordered were listed in the chart as having been ordered by Dr. Kroll. When Dr. Dickerson inquired about this, he was informed the tests had been billed properly notwithstanding the appearance of the chart. Dr. Dickerson reasonably relied upon this explanation. Dr. Dickerson otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence.

349.    Dr. Dickerson noticed at some point that some iPad tests that he had ordered were listed in the chart as having been ordered by Dr. Kroll. When Dr. Dickerson inquired about this, he was informed the tests had been billed properly notwithstanding the appearance of the chart. Dr. Dickerson reasonably relied upon this explanation. Dr. Dickerson otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first, second, third, and fourth sentences. Dr. Dicker-

son denies the allegations in the fifth sentence. Dr. Dickerson was not aware of unlawful billing by Dr. Kroll.

350.    Dr. Dickerson lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

351.    Dr. Dickerson lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

352.    Dr. Dickerson lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

353.    Dr. Dickerson lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

354.    Dr. Dickerson lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

355.    Dr. Dickerson lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

356.    Dr. Dickerson lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

357.    Dr. Dickerson lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

358.    Dr. Dickerson lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

359. Denied.

360. Admitted to the extent consistent with the FCA and otherwise denied.

361. Admitted to the extent consistent with the TMFCA and otherwise denied.

362. Dr. Dickerson lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

363. Dr. Dickerson lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

364. Denied.

365. Dr. Dickerson admits there was a ZPIC audit but otherwise lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

366. Denied.

367. Dr. Dickerson lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

368. Dr. Dickerson lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

369. Dr. Dickerson denies the allegations in the first sentence. Dr. Dickerson admits that the CPS board of directors for some period directed CPS to hold back compensation due, in part, to reimbursement issues. Dr. Dickerson lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

370. Dr. Dickerson admits that CPS ultimately disbursed at least some of the hold-back amounts but otherwise lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

371. Dr. Dickerson lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

372. Dr. Dickerson lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

373. Denied. Dr. Dickerson did not engage in "unlawful conduct."

374. Denied.

375. Denied.

376. Denied.

377. Denied.

378. Dr. Dickerson lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

379. Dr. Dickerson denies there was a "UDS scheme," admits that CPS terminated many employees at the Gallatin Operations Center, but otherwise lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

380. Dr. Dickerson lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

381.    Dr. Dickerson lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

382.    Admitted.

383.    Admitted.

384.    Dr. Dickerson lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

385.    Denied.

386.    Dr. Dickerson admits learning of Mr. Davis' indictment but otherwise lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

387.    Dr. Dickerson admits that the ownership of CPS voted to cease operations in July 2018 but otherwise denies these allegations.

388.    Denied.

389.    Denied.

390.    Dr. Dickerson admits the amount of the payment to himself but otherwise lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

391.    Dr. Dickerson admits the amount of the payment to himself but otherwise lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

392. Dr. Dickerson admits the amount of the payment to himself but otherwise lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

393. Dr. Dickerson admits the amount of the payment to himself but otherwise lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

394. Dr. Dickerson admits the amount of the payment to himself but otherwise lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

395. Dr. Dickerson admits the amount of the payment to himself but otherwise lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

396. Dr. Dickerson admits the amount of the payment to himself but otherwise lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

397. Dr. Dickerson admits the amount of the payment to himself but otherwise lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

398. Dr. Dickerson admits the amount of the payment to himself but otherwise lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

399. Dr. Dickerson admits the amount of the payment to himself but otherwise lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

400. Denied. CPS sold various assets.

401. Denied.

402. Dr. Dickerson denies that CPS had any obligation to set aside funds for the United States but otherwise admits these allegations. CPS's asset transfer and related actions were taken on advice of counsel.

403. Denied.

404. Dr. Dickerson admits he was generally aware of participation requirements and relied on advice of counsel and on billing and compliance personnel but otherwise lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

405. Dr. Dickerson admits he was enrolled in these programs but otherwise lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

406.    Dr. Dickerson lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

407.    Dr. Dickerson lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

408.    Dr. Dickerson lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

409.    Dr. Dickerson lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

410.    Dr. Dickerson lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

411.    Dr. Dickerson lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

412.    Dr. Dickerson admits he assigned Medicare benefits to be paid under his NPI to CPS but otherwise lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

413.    Dr. Dickerson lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

414.    Dr. Dickerson lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

415.     Dr. Dickerson admits that payment for his other physician's patient care was collected by CPS rather than the physician but denies the remaining allegations.

416.     Dr. Dickerson admits he knew and did not file false claims and that he attended compliance training but otherwise lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

417.     Dr. Dickerson admits that CPS conducted compliance training, had compliance policies and a code of conduct, employed compliance personnel as well as outside counsel and other professionals, and took other steps to comply with its obligations, but otherwise lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

418.     Denied.

419.     Denied.

420.     Dr. Dickerson lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

421.     Dr. Dickerson lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

422.     Dr. Dickerson lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

423.     Dr. Dickerson lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

424. Dr. Dickerson lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

425. Dr. Dickerson lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

426. Dr. Dickerson lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

427. Dr. Dickerson lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

428. Dr. Dickerson lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

429. Dr. Dickerson lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

430. Dr. Dickerson lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

431. Denied. Dr. Dickerson has not committed, has not caused anyone to commit, and has not had knowledge of fraudulent conduct or omissions.

432. Denied.

433. Denied.

434. Dr. Dickerson restates his responses to the preceding paragraphs.

435. Denied.

436.    Denied.

437.    Denied.

438.    Denied.

439.    Dr. Dickerson restates his responses to the preceding paragraphs.

440.    Denied.

441.    Denied.

442.    Denied.

443.    Denied.

444.    Denied.

445.    Dr. Dickerson restates his responses to the preceding paragraphs.

446.    Denied.

447.    Denied.

448.    Denied.

449.    Dr. Dickerson restates his responses to the preceding paragraphs.

450.    Denied.

451.    Denied.

452.    Denied.

453.    Dr. Dickerson restates his responses to the preceding paragraphs.

454.    Denied.

455.    Denied.

456.    Denied.

457.    Denied.

458.    Denied.

459.    Denied.

460.    Denied.

461.    Denied.

462.    Dr. Dickerson restates his responses to the preceding paragraphs.

463.    Denied.

464.    Denied.

465.    Denied.

466.    Denied.

467.    Dr. Dickerson restates his responses to the preceding paragraphs.

468.    Denied.

469.    Denied.

470.    Denied.

471.    Dr. Dickerson restates his responses to the preceding paragraphs.

472.    Denied.

473.    Denied.

474.    Denied.

475.    Denied.

476.   Denied.

477.   Denied.

478.   The remaining paragraphs are requests for relief to which no response is required, but to the extent they contain allegations not expressly admitted to elsewhere in this answer, those allegations are denied.

479.   Dr. Dickerson denies any allegation in the consolidated complaint not expressly admitted to above.

## AFFIRMATIVE DEFENSES

1.   Plaintiffs fail to state a claim upon relief can be granted against Dr. Dickerson.

2.   Plaintiffs fail to plead with the particularity required by Fed. R. Civ. P. 8(a) and 9(b).

3.   Plaintiffs' claims are barred by the applicable statutes of limitations.

4.   Plaintiffs' claims are barred by laches because Dr. Dickerson has been prejudiced by Plaintiffs' delay in pursuing their claims.

5.   The outcome of the "ZPIC audit" is incompatible with Plaintiffs' allegations of a pattern or "scheme" of medically unnecessary urine drug testing by CPS and Plaintiffs' claims are barred by collateral estoppel.

6.   Plaintiffs' request for equitable relief fails because there is an adequate remedy at law.

7. Plaintiffs' request for treble damages and civil penalties from Dr. Dickerson violates the Excessive Fines Clause of the Eighth Amendment and the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution.

8. Plaintiffs' claims are barred by the voluntary payments doctrine.

9. Plaintiffs' claims against Dr. Dickerson are misjoined with Plaintiffs' claims against the other defendants and must be severed.

10. Dr. Dickerson adopts and incorporates by reference any additional affirmative defenses asserted by any other party to this case to the extent those defenses would provide relief to him.

## REQUEST FOR RELIEF

Dr. Dickerson demands trial by jury and requests the Court dismiss this action with prejudice, tax costs to Plaintiffs, and grant any other necessary or proper relief.

Respectfully submitted:

BONE MCALLESTER NORTON PLLC

/s/ W. Justin Adams
Edward M. Yarbrough (TN BPR # 004097)
W. Justin Adams (TN BPR # 022433)
511 Union Street, Suite 1600
Nashville, Tennessee 37219
Telephone: 615-238-6300
Facsimile: 615-238-6301
eyarbrough@bonelaw.com
wjadams@bonelaw.com

**Counsel for Steven R. Dickerson, M.D.**

# CERTIFICATE OF SERVICE

I certify that on September 23, 2019, a copy of the foregoing was served via the

Court's electronic case filing system to the following:

Kara F. Sweet, Esq.
U.S. Attorney's Office
Middle District of Tennessee
110 Ninth Avenue South, Suite A-961
Nashville, TN 37203-3870
Fax: (615) 401-6626
kara.Sweet@usdoj.gov

*Counsel for Plaintiff United States of America*

Phillip H. Bangle, Esq.
Tennessee Attorney General's Office
P.O. Box 20207
Nashville, TN 37202
phillip.bangle@ag.tn.gov

*Counsel for Plaintiff State of Tennessee*

Don McKenna, Esq.
Randi McCoy, Esq.
Hare, Wynn, Newell & Newton, L.L.P.
2025 Third Avenue North, Suite 800
Birmingham, AL 35203
Fax: (205) 324-2165
don@hwnn.com
randi@hwnn.com

Irwin B. Venick, Esq.
Dobbins, Venick, Kuhn & Byassee, PLLC
210 25th Avenue North, Suite 1010
Nashville, TN 37203
irwinv@dvlawfirm.com

*Counsel for Relator Suzanna Alt*

W. Gary Blackburn, Esq.
Bryant B. Kroll, Esq.
The Blackburn Firm, PLLC.
213 Fifth Avenue North, Suite 300
Nashville, TN 37219
Fax: (615) 895-7272
gblackburn@wgaryblackburn.com
bkroll@wgaryblackburn.com

Jeffrey S. Roberts, Esq.

Jeffrey S. Roberts & Associates
213 Fifth Avenue North, Suite 300
Nashville, TN 37219
Fax: (615) 425-4401
Jeff@middletninjury.com

*Counsel for Relators Mary Butner and Dana Brown*

Amy L. Easton, Esq.
Collette G. Matzzie, Esq.
Phillips & Cohen LLP
2000 Massachusetts Avenue, NW
Washington, DC 20036
Fax: (202) 833-1815
cmatzzie@phillipsandcohen.com
aeaston@phillipsandcohen.com

Emily Stabile, Esq.
Phillips & Cohen LLP
100 The Embarcadero, Suite 300
San Francisco, CA 94105
stabile@pcsf.com

Michael Kanovitz
Loevy & Loevy
311 N. Albertson Street Third Floor
Chicago, IL 60607
Fax: (312) 243-5902
mike@loevy.com

Richard A. Fisher
Richard Fisher Law Office
1008 Tasso Road NE
Cleveland, TN 37323
Fax: (423) 479-8282
Email: richardfisher4@cs.com

*Counsel for Relator Allison Chancellor*

Jerry E. Martin, Esq.
Seth Marcus Hyatt, Esq.
Barrett, Johnston Martin & Garrison, PLLC
Bank of America Plaza
414 Union Street, Suite 900
Nashville, TN 37219
Fax: (615) 252-3798
jmartin@barrettjohnston.com
shyatt@barrettjohnston.com

*Counsel for Relator Jennifer Pressotto*

O. Stephen Montagnet, III, Esq.
Zachary Bonner, Esq.
McCraney Montagnet Quin & Noble
602 Steed Road, Suite 200
Ridgeland, MS 39157
Fax: (601) 510-2939
smontagnet@mmqnlaw.com
zbonner@mmqnlaw.com

*Counsel for Relators June Kimbrough and Scott Steed*

Jennifer L. Weaver, Esq.
L. Wells Trompeter, Esq.
Andrew F. Solinger, Esq.
Waller Lansden Dortch & Davis, LLP
511 Union Street, Suite 2700
Nashville, TN 37219
Fax (615) 244-6380
Fax: (615) 244-6804
jennifer.weaver@wallerlaw.com
wells.trompeter@wallerlaw.com
andrew.solinger@wallerlaw.com

*Counsel for Anesthesia Services Associates, PLLC, d/b/a Comprehensive Pain Specialists*

D. Alexander Fardon, Esq.
Riley, Warnock & Jacobson
1906 West End Avenue
Nashville, TN 37203
Fax: (615) 320-3737
afardon@rwjplc.com

*Counsel for Gilberto Carrero, M.D.*

Avery B. Pardee, Esq.
Michael W. Magner, Esq.
Michael J. O'Brien
Jones Walker LLP
201 St. Charles Avenue, 47th Floor
New Orleans, LA 70170-5100
Fax: (504) 582-8583
apardee@joneswalker.com
mmagner@joneswalker.com
mobrien@joneswalker.com

Daniel J. Martin, Esq.
Jones Walker LLP
420 20th Street North, Ste. 1100
Birmingham, AL 35203
Fax: (205) 244-5400
danielmartin@joneswalker.com

David Raybin, Esq.
Raybin & Weissman, P.C.
424 Church Street, Suite 2120
Nashville, TN 37064
draybin@nashvilletnlaw.com

*Counsel for Peter Kroll, M.D.*

Daniel T. Swanson, Esq.
Jessica Jernigan-Johnson, Esq.
London & Amburn, PLLC
607 Market Street, Suite 900
Knoxville, TN 37902
Fax: (865) 637-4850
dswanson@londonamburn.com
jjerniganjohnson@londonamburn.com

*Counsel for Russell S. Smith*

/s/ W. Justin Adams